UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOBEY HENDERSON, # 237781,

        Petitioner,

v.                                                                       Case Number: 09-cv-11225
                                                                        Honorable John Corbett O'Meara

KENNETH T. MCKEE,

        Respondent.
                                      /

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I. INTRODUCTION**

Pending before the Court is Petitioner Jobey Henderson's *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241 and 2254. Petitioner is currently incarcerated at the Alger Correctional Facility in Munising, Michigan.[1] He was convicted by a Gratiot County circuit court jury of assaulting a prison employee, MICH. COMP. LAWS § 750.197(c)(1), while he was an inmate at the St. Louis Correctional Facility in St. Louis, Michigan, where he was serving a seven to twenty-two year and six month prison term for second-degree criminal sexual

---

[1] Petitioner was incarcerated at the Bellamy Creek Correctional Facility when he originally filed his habeas petition; however, he has since been transferred to the Alger Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is dismissing the petition in this case, it finds no reason to do so.

conduct. Petitioner was sentenced as a habitual offender, fourth offense, to four to fifteen years in prison for the assaulting-a-prison-employee conviction, to be served consecutively to the sentence he was then serving. In his *pro se* habeas petition, Petitioner challenges various conditions of his confinement. For the reasons stated below, the Court will dismiss the petition without prejudice. The Court also will decline to issue Petitioner a certificate of appealability and will deny him an application for leave to proceed on appeal *in forma pauperis*.

## II.  BACKGROUND

The Michigan Court of Appeals summarized the facts of the case. The recitation of those facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). They are as follows:

> On March 25, 2005, defendant was an inmate in the St. Louis Correctional Facility. Officer Charles Cowling testified that he first noticed defendant in the programs building of the prison, getting resized for new inmate clothing. Cowling later saw defendant at the inmate bathroom, putting orange shorts and green sweat pants on under his inmate clothing. Cowling told defendant that it was "against policy to be wearing orange shorts or anything else underneath his [inmate clothing]." Defendant replied with expletives directed toward Cowling, and then defendant threatened to kill Cowling and another corrections officer. Cowling immediately radioed for assistance because defendant needed to be put in the segregation unit due to his threatening behavior. Defendant then said, "If I'm going to the hole, I'm going for real," he hit Cowling twice with his fist on the right side of Cowling's neck, and he ran down the hall.

*People v. Henderson*, No. 279861, 2009 WL 153280, at *1 (Mich.Ct.App. Jan. 22, 2009).

The jury found Petitioner guilty as charged.

Following his conviction and sentence, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising the following claims: (1) the trial court erred in refusing to instruct the jury on the lesser included offense of assault and battery, and (2) his sentence was improperly enhanced on factual findings not found by the jury. He also filed *pro per* motions for an

2

interlocutory appeal in the Michigan Supreme Court and for peremptory reversal in the Court of Appeals. The Court of Appeals denied the motion for peremptory reversal. *People v. Henderson*, No. 279861 (Mich.Ct.App. May 13, 2008). The Michigan Supreme Court denied his interlocutory motion on July 29, 2008. *People v. Henderson*, 482 Mich. 898, 753 N.W.2d 165 (2008).

Subsequently, Petitioner filed a *pro per* supplemental brief in the Court of Appeals, raising the following additional claims: (1) double jeopardy, (2) prosecutorial misconduct, (3) he was denied his right to present certain defenses, (4) ineffective assistance of trial counsel, and (5) incompetency to stand trial. On January 22, 2009, the Court of Appeals affirmed his convictions. *Henderson*, 2009 WL 153280, at *3. The Court of Appeals also denied Petitioner's motion for reconsideration. *People v. Henderson*, No. 279861 (Mich.Ct.App. Feb. 24, 2009).

Petitioner then filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court, raising the same claims. The Supreme Court denied the application on June 23, 2009. *People v. Henderson*, 483 Mich. 1113, 766 N.W.2d 842 (2009).

Petitioner neither filed a post-conviction motion with the state trial court nor a writ of certiorari with the United States Supreme Court. Rather, on April 2, 2009, he filed this habeas petition, raising the following claims: (1) the Court of Appeals erred in denying his motion for peremptory reversal, (2) he is entitled to relief regarding erroneous time review, computation, and programs and work assignment, (3) he was denied due process based on his indigence, (4) his conditions of confinement are inhumane and resulted in his conviction, and (5) his conditions of confinement warrant court intervention.

### III. DISCUSSION

When a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he is seeking is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, a habeas petition is accepted as the specific instrument to obtain release from unlawful custody. *Wilkinson v. Dotson*, 522 U.S. 74, 78-79 (2005). Habeas relief is also appropriate for claims challenging the execution or the manner in which a sentence is served. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). However, habeas relief is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F.Supp.2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by Petitioner, which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F.Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Petitioner may, however, bring claims that challenge the conditions of confinement under 42 U.S.C. § 1983. *Id.*; *see also*, *Austin v. Bell*, 927 F.Supp. 1058, 1066 (M.D. Tenn. 1996). Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F.App'x. 389, 393 (6th Cir. 2006).

This Court, will not, however, convert Petitioner's habeas petition into a civil rights

cause of action. Because of the vastly different procedural requirements[2] for habeas petitions and other civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under § 1983 should dismiss the petition without prejudice to allow the petitioner to raise his potential civil rights claims properly as a § 1983 action.[3] *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Against that backdrop, the Court concludes that Petitioner's habeas petition is dismissed without prejudice because his claims relate to the conditions of his confinement and are not cognizable in a federal-habeas proceeding. Furthermore, it is not clear to the Court whether Petitioner is raising a claim involving the computation of his sentence. Because Petitioner has already filed a habeas action, *Henderson v. Woods*, No. 08-12139 (E.D. Mich.), which has been assigned to The Honorable Stephen J. Murphy, III, and because a response has not yet been filed in that case, he can amend that petition to add the additional claim if he so wishes. If

---

[2]The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be require to pay the full amount of a filing fee." 28 U.S.C.1915(b)(1) (as amended); *see also*, *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). If a prisoner wishes to file a civil action and seek pauper status, the prisoner must file an affidavit of indigency as well as a certified copy of his or her prison account statement showing the activity in the inmate's prison account for the previous six months. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). The PLRA also requires that district courts screen all civil cases brought by prisoners. *Id.* at 608. Finally, a federal district court may dismiss an incarcerated plaintiff's civil case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous and malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) ( (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999).

[3]The Court expresses no view concerning whether or not Petitioner's claims would be sustainable in the event he were to choose to file them in the proper manner.

Respondent files his response, then Petitioner must ask the Court for permission to amend his habeas petition.

## IV. CONCLUSION

For the reasons stated, the Court dismisses the instant petition because Petitioner is challenging the conditions of his confinement.

The Court will also decline to issue a certificate of appealability (COA) to Petitioner. A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

The Court concludes that jurists of reason would not find its assessment of Petitioner's case debatable or wrong. The Court thus declines to issue him a COA. Nor should he be granted

leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of appealability and denies him an application for leave to proceed on appeal *in forma pauperis*.

                                       s/John Corbett O'Meara
                                       United States District Judge

Date: December 21, 2010

     I hereby certify that on December 21, 2010, a copy of the foregoing document was served upon counsel of record using the ECF system, and upon Petitioner at Alger Correctional Facility (LMF) N6141 Industrial Park Drive, Munising, MI 49862 using first-class U.S. mail.

                                       s/William Barkholz
                                       Case Manager